IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FELIPE GUTIERREZ, JR., | ) | CASE NO. 3:11 CV 1707 |
| | ) | |
| Petitioner, | ) | JUDGE LESLEY WELLS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| RHONDA RICHARD, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me[1] is the petition of Felipe Gutierrez, Jr. for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Gutierrez is serving concurrent terms of seven years for drug trafficking and engaging in a pattern of corrupt activity.[3] He is currently incarcerated at the Correctional Reception Center in Orient, Ohio.[4]

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Lesley Wells by order dated November 8, 2011. ECF # 3.

[2] ECF # 1.

[3] *Id.*, Attachment at 62-63.

[4] *Id.* at 1.

Gutierrez raises three grounds for habeas relief.[5] The State has filed a return of the writ arguing that the petition should be dismissed as procedurally defaulted and lacking merit.[6] Gutierrez has filed a traverse.[7]

For the reasons that follow, I will recommend Gutierrez's petition be dismissed in part and denied in part.

## Facts

### A.    Underlying facts, conviction, and sentence

The facts that follow come from the decision of the appeals court, and are somewhat complex.[8]

Gutierrez was indicted in November, 2001, by the Putnam County Grand Jury on multiple drug trafficking charges arising out his participation in a marijuana-trafficking operation with other defendants from November, 1999, to November, 2001.[9] Under that indictment, an arrest warrant was issued on November 30, 2001, listing Gutierrez's residence

---

[5] ECF # 1.

[6] ECF # 8.

[7] ECF # 9-1.

[8] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[9] ECF # 8, Attachment at 129.

-2-

on Lister Street in Donna, Texas.[10] Gutierrez was arrested in Texas on that warrant on June 25, 2002, and then released on bond.[11] But, Gutierrez was not finally returned to Ohio on that warrant until August 21, 2009.[12]

In the intervening seven years, Gutierrez, who became a fugitive after initially posting bail, was arrested and released on bond several times, all while pursuing an appeal of a 2003 extradition order to Ohio in the Texas courts.[13] The Texas appeals court affirmed the extradition in 2007, but Gutierrez was not actually returned to Ohio until 2009, after he was yet again arrested in Texas, this time for driving under the influence.[14]

In September, 2009, Gutierrez thereupon moved the Ohio courts to have the charges arising from the 2001 Putnam County indictment dismissed on the grounds that his Ohio speedy trial rights were violated.[15] The trial court denied the motion, without setting forth a specific calculation of the speedy trial sequence, but ruling that the permitted time period had not elapsed.[16]

---

[10] *Id.*

[11] *Id.* at 134.

[12] *Id.* at 129.

[13] *Id.* at 130-31.

[14] *Id.*

[15] *Id.* at 131.

[16] *Id.* at 135.

Gutierrez then withdrew his original pleas of not guilty and entered a no contest plea to one count of complicity in drug trafficking, a second degree felony, and one count of engaging in a pattern of corrupt activity, a first degree felony.[17] The rest of the charges, under the plea agreement, were dismissed.[18] In February, 2010, the trial court sentenced Gutierrez to a seven-year term for his conviction on the first count and to an identical term for his conviction on the second count, such terms to be served concurrently.[19] In addition, the court ordered Gutierrez to pay a fine of $7,500.00.[20]

**B.    Direct Appeal**

*1.    Ohio Court of Appeals*

On March 8, 2010, Gutierrez, represented by his trial counsel, filed a timely[21] notice of appeal[22] with the Ohio Court of Appeals. In his brief, Gutierrez filed one assignment of error:

> The trial court erred as a matter of law by overruling defendant's motion to dismiss due to violation of the speedy trial statute.[23]

---

[17] *Id.*

[18] *Id*.

[19] *Id.*

[20] *Id.*

[21] Gutierrez's conviction and sentence were journalized on February 8, 2010 (ECF # 8 at 85-86), and the notice of appeal was filed on March 6, 2010. *Id.* at 66.

[22] *Id.*, Attachment at 66.

[23] *Id.*, Attachment at 70.

The State filed a brief in response.[24] The Ohio appeals court overruled the sole assignment of error and affirmed the judgment of the trial court.[25]

**2.      *Application to reopen appeal***

On December 23, 2010, Gutierrez, through counsel, filed an application to reopen his appeal because appellate counsel failed to properly research and cite relevant case law and identify that Gutierrez's plea was invalid.[26] On February 24, 2011, the appeals court denied Gutierrez application to reopen.[27] On March 2, 2011, Gutierrez, through counsel, filed an application for reconsideration of his application to reopen his appeal.[28] On March 9, 2011, the appeals court denied Gutierrez application for reconsideration as not giving rise to a genuine issue as to whether Gutierrez was deprived of the effective assistance of appellate counsel under the two-prong analysis of *Strickland v. Washington*.[29]

On April 19, 2011, Gutierrez, *pro se*, filed a notice of appeal from the judgment of the appeals court denying his motion for reconsideration with the Supreme Court of Ohio.[30]

---

[24] *Id.*, Attachment at 87.

[25] *Id.*, Attachment at 127.

[26] *Id.*, Attachment at 167.

[27] *Id.*, Attachment at 215-16.

[28] *Id.*, Attachment at 217.

[29] *Id.*, Attachment at 220-21, citing *Strickland v. Washington*, 466 U.S. 668 (1984).

[30] *Id.*, Attachment at 222.

In his memorandum in support of jurisdiction, Gutierrez raised two propositions of

law:

> Proposition of law No. 1: From the moment of arrest a defendant in another
> jurisdiction is entitled to have all days prior to extradition proceeding being
> initiated counted towards the 270 days fast and speedy trial time pursuant to
> R.C 2945.71 when he can affirmatively show that he has not avoided
> prosecution.
>
> Proposition of law No. 2: Stare Decisis binds lower Courts to follow already
> settled points of law. The duty to advise Ohio Defendants to the waiver of
> right to have guilt proven beyond a reasonable doubt when pleading guilty/no
> contest to felonies violates Crim.R.11(C) (2) (c) failure of the court to explain
> such constitutional rights makes any subsequent plea constitutional infirm.[31]

On March 9, 2011, the appeals court issued a judgment entry advising that Gutierrez's

application to reopen his appeal is not well taken.[32]

### 3.    *The Supreme Court of Ohio*

On April 19, 2011, Gutierrez, now *pro se*, timely appealed to the Supreme Court of

Ohio raising the following propositions of law in his memorandum in support of jurisdiction:

1.    From the moment of arrest a defendant in another jurisdiction is entitled
      to have all days prior to extradition proceeding being initiated counted
      towards the 270 days fast and speedy trial time pursuant to R.C.
      2945.71 when he can affirmatively show that he has not avoided
      prosecution.

2.    Stare Decisis binds lower courts to follow already settled points of law.
      The duty to advise Ohio defendants of the waiver right to have guilt
      proven beyond a reasonable doubt when pleading guilty/no contest to
      felonies violates Crim.R.11 (C)(2)(c) failure of the court to explain

---

[31] *Id.*, Attachment at 225.

[32] *Id.*, Attachment at 220-21.

-6-

such constitutional rights makes any subsequent plea constitutionally infirm.[33]

On July 6, 2011, the Supreme Court of Ohio declined jurisdiction to hear the case and

dismissed the appeal.[34]

## C.      Petition for writ of habeas corpus

On August 15, 2011, Gutierrez, *pro se*, timely filed[35] a federal petition for habeas

relief.[36] As noted above, he raises three grounds for relief:

> Ground One: Petitioner/Gutierrez is entitled to Federal habeas corpus relief, on grounds that Petitioner's speedy trial rights, as guaranteed by the 6th and 14th Amendments to the United States Constitution, and as provided by Ohio Rev/ Code Sections(s) 2901.13, 2945.71, 2945.72, and 2945.73, and Art. 1, Sec. 10 Ohio Const., were prejudicially violated.[37]

> Ground Two: Petitioner is entitled to habeas corpus relief on grounds that appellate counsel on direct appeal, was ineffective, in violation of the 6th and 14th Amendment rights, arising out of counsel's failure to raise a claim on direct appeal that Petitioner's "no contest plea," was not made knowingly, voluntarily, or freely, due the trial court's failure to advise the petitioner of all the rights he is "waiving" in connection with his no contest plea.[38]

---

[33] *Id.*, at 222, 225.

[34] *Id.*, at 261.

[35]  The present petition for federal habeas relief was filed on August 15, 2011. ECF # 1. As such, it was filed within one year of the conclusion of Gutierrez's direct appeal in the Ohio courts and so is timely under 28 U.S.C. § 2254(d)(1).

[36] ECF # 1.

[37] *Id.* at 37.

[38] *Id.* at 53.

Ground Three: Petitioner is entitled to Federal habeas corpus relief on grounds that: (a) Petitioner's trial/appellate counsel representation, created an "actual conflict interest," by representing this Petitioner at both stages; (b) on grounds that counsel failed to cite the 6th and 14th Amendments, in support of Petitioner's "speedy trial" violation-claims; and (c) appellate counsel was ineffective for failing to serve "notice" upon this Petitioner in regards to the State court of appeals judgment, which denied Petitioner's right to seek "meaningful review" on appeal to the Ohio Supreme Court. Thus, Petitioner's 6th and 14th Amendment rights to effective assistance of counsel, and to be free from "conflicts of interest" were violated as a result of the dual representations, and failure to notify.[39]

## Analysis

### A.    Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Gutierrez is currently in state custody as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[40]

2.    There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[41]

3.    In addition, my own review of the docket of this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[42]

---

[39] *Id.* at 60.

[40] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[41] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[42] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (2006).

4.     Moreover, it appears that these claims have been totally exhausted in Ohio courts.[43]

5.     Finally, Gutierrez has not requested appointment of counsel[44] but has requested an evidentiary hearing.[45]

## B.     Standards of review

### 1.     *Procedural default*

Under the doctrine of procedural default, the federal habeas court may not review a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies remained available or because of some other violation of a state procedural rule.[46]

When the state alleges a violation of a state procedural rule as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine procedural default in a federal habeas proceeding:

(1)     Does a state procedural rule exist that applies to the petitioner's claim?

(2)     Did the petitioner fail to comply with that rule?

(3)     Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

---

[43] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[44] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[45] *See*, ECF # 1 at 74. 28 U.S.C. § 2254(e)(2).

[46] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

(4)     Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[47]

In addition to establishing these elements, the State must show that the procedural rule is (a) firmly established, and (b) regularly followed before the federal habeas court will decline review of an allegedly procedurally defaulted claim.[48]

If the State establishes a procedural default, the petitioner may overcome the default if he can show (1) cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits will result in a fundamental miscarriage of justice.[49] In addition, a showing of actual innocence may excuse a procedural default.[50]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, precluded him from complying with the state procedural rule.[51] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire

---

[47] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

[48] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

[49] *Hicks v. Straub*, 377 F.3d 538, 552 (6th Cir. 2004) (citations omitted).

[50] *Id*.

[51] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

-10-

proceeding with error of a constitutional dimension.[52] If the petitioner cannot show a reasonable probability of a different outcome at trial, prejudice does not exist.[53]

Notwithstanding these elements, the Supreme Court has held that federal habeas courts need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[54] In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[55]

**2.    *AEDPA review***

Where a state court adjudicated the merits of a claim now asserted in a federal habeas petition, the controlling federal statute provides that the federal habeas court may use that claim as a basis for granting the writ only if the state decision was either contrary to clearly established federal law as determined by the United States Supreme Court or was an unreasonable application of that law.[56]

---

[52] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[53] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

[54] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[55] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

[56] 28 U.S.C. § 2254(d).

In applying that statute, the well-known teachings of *Williams v. Taylor* guide the federal habeas court.[57] As stated by the United States Supreme Court in *Williams*, a decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."[58] *Williams* further holds that a state court decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[59]

Moreover, a federal court may not find that a state court unreasonably applied clearly established federal law simply because the habeas court "concludes on its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly."[60] Rather, the federal habeas court may disturb the state court holding only upon showing that it was "objectively unreasonable."[61]

---

[57] *Williams v. Taylor*, 529 U.S. 362 (2000).

[58] *Id.* at 412. *Accord*, *Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

[59] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

[60] *Williams*, 529 U.S. at 411.

[61] *Id.* at 409.

-12-

The Supreme Court teaches that this "objectively unreasonable" standard is "difficult to meet,"[62] and "highly deferential" to the decision of the state court.[63] As the Supreme Court explained, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."[64] Or, stated differently, a writ will issue only upon a showing that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[65]

In addition, a state court may be found to have unreasonably applied clearly established federal law if it unreasonably extends or unreasonably fails to extend a clearly established federal legal principle to a new context.[66]

Finally, where a state court does not address the merits of a federal claim properly presented to it, "the deference due [a state court decision by the federal habeas court] under the AEDPA does not apply."[67] Then, the federal court must review the claim *de novo*.[68]

---

[62] *Harrington v. Richter*, __ U.S.__, 131 S. Ct. 770, 786 (2011).

[63] *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

[64] *Harrington*, 131 S. Ct. at 786.

[65] *Id.* at 786-87.

[66] *Williams*, 529 U.S. at 405-07. *Accord*, *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

[67] *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

[68] *Id.*

-13-

As the Supreme Court observed in *Harrington v. Richter*, a state court need not state its reasons or explain its conclusion when it adjudicates a federal claim on the merits.[69] When a criminal defendant presents a federal claim to the state court, which then denies it without any statement of reasons or explanation for the decision, "it may be presumed that the state court adjudicated the [federal] claim on the merits in the absence of any indication or state-law procedural principles to the contrary."[70] In such circumstances, the decision of the state court would be entitled to deference from the federal habeas court.[71]

## C. Application of standards

### 1. Ground one should be dismissed as procedurally defaulted.

The State maintains that this Court should dismiss ground one (denial of speedy trial rights) and ground three (ineffective assistance of appellate counsel) as procedurally defaulted.[72] Gutierrez in his traverse asserts first that any default regarding ground one is excused because his appellate counsel failed to notify him of the results of the appeal in time to file a notice of appeal with the Ohio Supreme Court within rule.[73] He further contends that ground three was actually not waived in the Ohio courts.[74]

---

[69] *Harrington*, 131 S. Ct. at 784-85.

[70] *Id.*; *Brown v. Bobby*, 656 F.3d 325, 328-29 (6th Cir. 2011).

[71] *Brown*, 656 F.3d at 329.

[72] ECF # 8 at 14-20.

[73] ECF # 9 at 6-14.

[74] *Id.* at 16-18.

Turning first to ground one (the purported denial of speedy trial rights) the State argued that Gutierrez waived this claim by not timely presenting it to the Supreme Court of Ohio after the Ohio appeals court denied the claim.[75] That said, however, both the State and Gutierrez appear to agree that Gutierrez's appellate counsel failed to notify Gutierrez of the appellate decision in time for Gutierrez to timely appeal that decision to the Ohio Supreme Court.[76] The issue, then, is the State's contention that even accepting the failure of counsel to timely notify Gutierrez of the appeals court decision, Gutierrez cannot show that this failure establishes "cause" to excuse the default.[77]

Specifically in that regard, the State asserts that under the Sixth Circuit case of *Smith v. Ohio Department of Rehabilitation and Corrections*,[78] if the period of time between when a defendant actually learned of an appealable decision and when an attempt to appeal was actually made is greater than the original period allowed by state law for timely filing an appeal, which here is forty-five days, a "defendant fails to demonstrate that he or she 'would have timely appealed' the decision but for counsel's deficient failure to notify the defendant of the decision."[79]Absent other circumstances hindering the defendant's ability to timely appeal, the Sixth Circuit stated, "allowing a greater amount of time would generally bestow

---

[75] ECF # 8 at 14.

[76] *See*, ECF # 8 at 14-15; ECF # 9 at 6-7.

[77] ECF # 8 at 16.

[78] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426 (6th Cir. 2006).

[79] *Id*. at 435.

-15-

a windfall upon the defendant whose counsel promptly failed to notify the defendant of a decision."[80]

Despite a lengthy discussion in the traverse of the duties of counsel to notify their clients of decisions in time for filing timely appeals, Gutierrez does not contest this statement of the law. Moreover, he does not contest the State's chronology of events indicating that Gutierrez received notice of the September, 2010, adverse appellate decision "at the latest by December 23, 2010," but did not file his motion for delayed appeal with the Supreme Court of Ohio until July 1, 2011 – or well beyond the 45 days allowed for filing an appeal.[81]

Thus, under the teaching of *Smith*, Gutierrez has not shown that, but for the failure of his counsel to timely notify him of the adverse appellate decision, he would then have timely filed an appeal. And so, without such a showing, any failure of appellate counsel in this regard does not establish cause to excuse the resulting default.

---

[80] *Id*.

[81] ECF # 8 at 16. Alternatively, the State points out that even if Gutierrez is said to have received notice of the adverse decision on the date he appealed the denial of his Rule 26(B) application to the Ohio Supreme Court and attached to that appeal a copy of the original decision denying his appeal as of right, Gutierrez still did not file the motion for delayed appeal within the 45 days.

## 2. *Ground two should be denied on the merits after AEDPA review.*

Ground two asserts that appellate counsel was ineffective for failing to argue that Gutierrez's guilty plea was not knowingly made.[82] Gutierrez bases this allegation on interconnected claims: (1) that the trial court violated Ohio Criminal Rule 11(C) by not directly informing him that one right he would waive by pleading guilty was the right to have the prosecution prove every element of the charged crimes beyond a reasonable doubt,[83] and (2) that trial counsel should have objected to this error by the court.[84]

The state appeals court reviewed this claim in Gutierrez's appeal from the denial of his Rule 26(B) motion. It considered the purported Rule 11 error by the trial court within the context of the allegation that counsel was ineffective for not objecting to that error and then analyzed the ineffective assistance claim under the clearly established federal law of *Strickland*. In a brief, two-page opinion, the Ohio appeals court then found that there was no prejudice to Gutierrez under the second prong of *Strickland* because there was no reasonable probability that, but for the alleged error by trial counsel, the result would have been different.[85]

As the State observes, there is nothing in the record of the plea that would support a finding that a timely objection to the trial court's handling of the plea colloquy would

---

[82] ECF # 1 at 54.

[83] *Id*. at 56-57.

[84] *Id*. at 57.

[85] ECF # 8, Attachment at 220.

have in any way altered the validity of the plea. As the State further notes, the federal constitutional test for the validity of a plea requires the reviewing court examine the entire record to see if the defendant understood the rights he was waiving and so if the plea was voluntary and knowing.[86]

Here, the State seems to agree with Gutierrez that the court conducted an extended plea colloquy with Gutierrez that did not mention that pleading guilty waives the right to have the prosecution prove guilt beyond a reasonable doubt as to every element of each crime charged.[87] But, as an examination of the record discloses, the trial court did explicitly ask Gutierrez during the plea colloquy if he understood that without a plea "the State of Ohio is required to prove your guilt on every element of each of these two charges?"[88] Thus, it appears that Gutierrez's claim here is based, in part, on a misreading of the record.

That said, however, as the State also points out, Gutierrez signed a written plea agreement wherein he acknowledged understanding that by pleading no contest "I waive my right to have the prosecutor prove my guilt beyond a reasonable doubt on every element of each charge."[89] In addition, the trial court referred to this signed written plea agreement when

---

[86] *United States v. Vonn*, 535 U.S. 55, 74-75 (2002).

[87] ECF # 8 at 22-23 (quoting from plea hearing).

[88] ECF # 8, Attachment at 471.

[89] *Id.* at 23 (quoting plea agreement, ECF # 8, Attachment at 60).

it asked Gutierrez on the record if he understood the document he had just signed – a question that Gutierrez answered affirmatively.[90]

Accordingly, because there is no question that Gutierrez at the time of the plea knew – and acknowledged he knew – the effect of the plea on his right to have the government prove every element of the charged offenses beyond a reasonable doubt, there is clear support for the conclusion of the appeals court that an objection to the plea colloquy by trial counsel would have been unavailing. The decision of the state court in denying this ground was not an unreasonable application of the clearly established federal law of *Strickland*, and accordingly, this ground should here be denied.

### 3. *Ground three should be denied on the merits*

In ground three, Gutierrez claims that he received ineffective assistance of appellate counsel for three reasons: (1) his appeals counsel had a conflict of interest because he was also trial counsel; (2) appellate counsel failed to cite federal cases in making the speedy trial argument to the state courts; and (3) counsel failed to timely provide Gutierrez with a copy of the decision of his first appeal.

Essentially, as noted above, the State maintains first that this ground is procedurally defaulted because Gutierrez did not raise these three issues to the Ohio court in his Rule 26(B) application.[91] Moreover, and alternatively, the State contends that even if this

---

[90] ECF # 8, Attachment at 473.

[91] ECF # 8 at 17-20.

ground were not procedurally defaulted, Gutierrez could not prevail on the merits.[92] Gutierrez, for his part, argues that the three elements of this ground were presented to the Ohio courts – either as a recognized inference from what was actually stated, or because the appeals court decision indicated that they understood such a claim had been presented to them.[93]

While there is much discussion by the parties about whether Gutierrez fairly presented this ground to the Ohio courts, this Court need not resolve that question because, as the State points out in its alternative argument, this ground fails on the merits. Indeed, federal habeas courts may choose to address a claim of procedural default if the petition can be decided against the petitioner on the merits.[94]

Here, all three claims in this ground readily resolve against Gutierrez on the record established by the state court.

First, Gutierrez claims entitlement to habeas relief because his trial counsel also represented him on appeal and so had an actual conflict of interest.[95] As Gutierrez himself notes, the "harm" is that any ineffectiveness of that attorney at trial cannot be expected to be raised on appeal by the same counsel.[96] As Gutierrez further acknowledges, claims arising

---

[92] *Id.*

[93] ECF # 9 at 15-18.

[94] *Lambrix*, 520 U.S. at 525.

[95] ECF # 1 at 60. As noted above, the petition itself contains 75 pages.

[96] *Id.* at 60-61.

from ineffectiveness at trial can later be raised in Ohio by filing a post-conviction petition, and claims pertaining to counsel's ineffectiveness on appeal may be asserted by filing a motion to re-open the appeal pursuant to Appellate Rule 26(B) or in the direct appeal to the Ohio Supreme Court.[97] Gutierrez even further concedes that the mere fact of dual representation alone is not grounds for habeas relief but, rather, that grounds for relief exist only when the dual representation has actually resulted in some prejudice.[98]

Gutierrez argues that this prejudice manifested itself in that he could not raise these issues in either the direct appeal (for claims of ineffective assistance of trial counsel) or in the appeal to the Supreme Court (regarding ineffective assistance of appellate counsel). He points out, as regards the latter category of claims, that he could not raise claims to the Supreme Court because he was not timely notified of the appellate decision and so was not able to timely file an appeal with the Ohio Supreme Court.[99]

That said, however, no actual prejudice exists here. As the State observes, nothing prevented Gutierrez from filing a post-conviction petition to assert his claims of ineffective assistance of trial counsel, and Gutierrez actually did file an Appellate Rule 26(B) motion to raise his claims of ineffective assistance against counsel's performance on appeal.[100] Thus, all actual or potential claims concerning counsel's allegedly ineffective performance at trial

---

[97] *Id*. at 62-63.

[98] *Id*. at 63.

[99] *Id*. at 63-65.

[100] ECF # 8 at 17-18.

and/or on appeal were, or could have been, raised to Ohio courts. Gutierrez has provided no authority for the proposition that Ohio's procedure of requiring resort to postconviction petition or motion to reopen appeal to assert claims of ineffective assistance of counsel constitutes prejudice.

As concerns the claim here that Gutierrez by his counsel's failure to frame his speedy trial claim as a federal constitutional issue prejudiced him, the State observes that the Ohio appeals court nonetheless expressly noted the federal constitutional aspect of the speedy trial claim in its reasoning in support of the claim's denial.[101] Although the state court largely decided the claim on the basis of an analysis of whether the details of Gutierrez's case violated the provisions of Ohio's speedy trial statute, the Sixth Circuit has recently stated that "Ohio courts regard the state's speedy trial scheme as an implementation of the federal constitutional guarantee to a speedy trial."[102]

Accordingly, as the Sixth Circuit has determined, there is every reason to presume, consistent with the Supreme Court's teaching in *Harrington*, that the state appeals adjudicated this on the merits as a federal claim.[103] Gutierrez suffered no prejudice since the state court actually considered and decided his speedy trial claim as a federal claim (as he intended) notwithstanding any perceived deficiency in the phrasing of the claim by his appellate counsel.

_____

[101] *Id.* at 19 (citing and quoting appellate opinion).

[102] *Brown*, 656 F.3d at 329 (citations omitted).

[103] *See*, *id*. (citing *Harrington*, 131 S. Ct. at 785).

-22-

Finally, as to the final aspect of ground three – the alleged failure of appellate counsel to timely inform Gutierrez of the decision in his original appeal – any delayed notice did not prejudice Gutierrez, as full discussed above.

In sum, then, because none of the three charged instances of ineffective assistance of counsel prejudiced Gutierrez,[104] ground three should be denied on the merits after bypassing the State's claim of procedural default.

## Conclusion

For the foregoing reasons, I recommend that the *pro se* petition of Felipe Gutierrez, Jr. for a writ of habeas corpus be dismissed in part and denied in part as is more fully set forth above.

Dated:  August 5, 2013                          s/ William H. Baughman, Jr.
                                                United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[105]

---

[104] As established earlier, to prevail on a claim of ineffective assistance of counsel, the allegedly ineffective act must be both a deficient performance of counsel's duties and have actually prejudiced the defendant.

[105] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

-23-